1

                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                         AUSTIN DIVISION

UNITED STATES OF AMERICA   ) Docket No. A 07-CR-098(1) SS
                           )
vs.                        ) Austin, Texas
                           )
PAUL ROSS EVANS            ) October 19, 2007


                    TRANSCRIPT OF SENTENCING
                BEFORE THE HONORABLE SAM SPARKS


APPEARANCES:

For the United States:        Mr. Mark T. Roomberg
                              Assistant U.S. Attorney
                              601 NW Loop 410, Suite 600
                              San Antonio, Texas 78216



For the Defendant:            Mr. Horatio R. Aldredge
                              Assistant Federal Public Defender
                              Lavaca Plaza
                              504 Lavaca Street, Suite 960
                              Austin, Texas 78701


Court Reporter:               Ms. Lily Iva Reznik, CRR, RMR
                              501 West 5th Street, Suite 4153
                              Austin, Texas 78701
                              (512)391-8792








Proceedings reported by computerized stenography, transcript produced by computer.

THE COURT:  Call 07-CR-98, United States vs. Paul Ross Evans.

MR. ROOMBERG:  Mark Roomberg for the United States, your Honor.

We're present and ready for sentencing.

MR. ALDREDGE:  Horatio Aldredge for Mr. Evans, your Honor.

THE COURT:  Tell me your name, please, sir.

THE DEFENDANT:  Paul Ross Evans.

THE COURT:  Mr. Evans, have you had sufficient time to review the presentence investigation report with your lawyer, Mr. Aldredge?

THE DEFENDANT:  Yes, sir.

THE COURT:  Of course, this is a 11(c)(1)(C) plea agreement for a stipulated sentence of 40 years.  The guideline range is immaterial under the advisory guidelines.

I have no objections by the government, no objections by the defense.

Mr. Aldredge, do you know of any legal reason we shouldn't proceed with sentencing?

MR. ALDREDGE:  No, your Honor.

THE COURT:  Does the government have any reason not to proceed?

MR. ROOMBERG:  No, sir.

THE COURT:  Mr. Evans, everybody knows what's going to

happen, including yourself, but you do have an opportunity to say anything that you'd like to.  You don't have to.  You're not required to.  But you have the constitutional right to make any statement that you wish.  I'll be glad to listen to anything that you'd like to say.

THE DEFENDANT:  Okay.  I had something written out, but really, I'd just rather talk from my heart.  I obviously have a lot of beliefs, and honestly, if I had that day to do over again, I would change everything about it.  I never meant for anyone other than the abortionists to get hurt.  And I feel foolish at times and justified at times, and I'm a human being like everyone else in this courtroom and I apologize.  And that's all I have to say.

THE COURT:  All right, sir.  Mr. Aldredge, anything?

MR. ALDREDGE:  No, your Honor.

THE COURT:  The government have anything they wish to state?

MR. ROOMBERG:  No, your Honor.

THE COURT:  Probation have anything they wish to state in the record?

PROBATION OFFICER:  No, your Honor.

THE COURT:  Anybody wish to speak at this sentencing?

MR. ALDREDGE:  The Court is, of course, in receipt of numerous letters.

THE COURT:  Yes.  I've got a lot of letters from people

that have known Mr. Evans.  I've got a lot of letters from family members.  I've got a full report from the folks at Core, all of which I have attached so that anybody that reviews the presentence report will have the information provided by all of these people that took the time out to communicate.

MR. ALDREDGE:  Your Honor, the only other request is a recommendation by the parties that he be placed at FCI Three Rivers.  Of course, that's going to be entirely up to the Bureau of Prisons, but we would ask for that recommendation.

THE COURT:  I have no problem making the recommendation, particularly Mr. Evans' mother is going to be able to visit with him.  So I'll put Three Rivers.

My judgment is, Mr. Evans, wherever you go, you're going to have to get with the counselor, tell them where you want to go and why, and after they make a determination that you are either not a danger to yourself or other people, my experience over these years is they try to get you where you can visit with your family members.

But don't get down if you get assigned someplace else. With this particular offense and the publicity that's generated on this offense, it won't surprise me that they don't send you to anything but a secure place for a while.  But if there is anybody who hasn't gotten to where they want after a period of time, there was a real substantial reason for it.  So don't -- use your counselor and work with them.

I sentence you to 480 months the custody of the United States Bureau of Prisons, followed by a five-year term of supervised release.  Under the terms of the supervised release, you will be tested and counseled for the use of drugs as required by the Congress within 15 days of your release.  And you will not take illegal drugs nor will you drink alcohol during that five-year period.

You'll be subject to mental health treatment and counseling therapy.  You'll be subject to alcohol and drug treatment and therapy, if necessary, in the discretion of the magistrate judge.  If a physician during any mental health treatment or any medical reason prescribes medication, a special condition of your supervised release will be that you will take that medication.  All other conditions in the standing order for supervised release for this district shall remain in full force and effect.

Because of your financial conditions, I will impose no fine, but I do impose a $100 mandatory assessment under the Victims of Crime Act, which you must pay or work off at your earliest opportunity.  The investigation that I made as to this plea agreement has satisfied that it is an appropriate plea agreement, not only on behalf of the government but on your behalf, because of the other charges that you could have received, which would have eliminated any ability whatsoever, ever, on getting out of the penitentiary.

And so, I accept the plea agreement.  I've entered an order accepting and making the findings of guilt based on the arraignment and the record on July 27, 2007, before the United States Magistrate Judge.

Mr. Hellums.

(At the bench, off the record.)

And we'll place Three Rivers down as a recommended choice for family visitation.  I'm going to file the presentence report and all of the materials I have received and attached to it.  I'll file it sealed.  The government may have their copies for official reasons.  In the event of any appeal, it becomes part of the record.  Other than that, Mr. Evans, no one can come in and read about you and your personal facts unless you sign an authorization allowing them to.

My last obligation to you is to give you this letter that Mr. Aldredge will go over with you, but it basically says that you only have ten days from this date to file a notice of appeal.  It's a pleading at the clerk's office if you wish to contest any part of this sentence or any part of the conviction in this case.  If you do not file within ten days, you can never in your lifetime legally challenge the sentence I have just imposed.  You waive that right.

Do you understand that?

Now, listen to Mr. Aldredge, he'll give you all of the options.  He'll go over this letter with you, but basically the

important part is the law allows you ten days to file a notice of appeal, but it would appear to me, because of your situation, that because of the gravity of the offense, the potential of the liability if you go to trial, the plea agreement is very much a benefit to you, and to file a notice of appeal would require you to breach that agreement.  But that's your decision.  You have to make it yourself after you talk with your lawyer.

Do you fully understand that?

THE DEFENDANT:  I do.

THE COURT:  All right.  I'll remand you into custody of the marshal.

MR. ROOMBERG:  Your Honor, at this time, we'd move to dismiss the remaining counts of the indictment.

THE COURT:  Be glad to sign it.

(End of proceedings.)

* * * * * *

UNITED STATES DISTRICT COURT)

WESTERN DISTRICT OF TEXAS    )

    I, LILY I. REZNIK, Certified Realtime Reporter, Registered Merit Reporter, in my capacity as Official Court Reporter of the United States District Court, Western District of Texas, do certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

    I certify that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

    WITNESS MY OFFICIAL HAND this the 4th day of August, 2017.


                                    /s/*Lily I. Reznik*
                                    LILY I. REZNIK, CRR, RMR
                                    Official Court Reporter
                                    United States District Court
                                    Austin Division
                                    501 W. 5th Street, Suite 4153
                                    Austin, Texas 78701
                                    (512)391-8792
                                    Certification No. 4481
                                    Expires:  12-31-18